IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKEAL GLENN STINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4253-B-BN |
| | § | |
| FEDERAL BUREAU OF PRISONS | § | |
| DESIGNATION AND SENTENCE | § | |
| COMPUTATION UNIT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Mikeal Glenn Stine, proceeding *pro se*, brings this civil rights action alleging that the Federal Bureau of Prisons Designation and Sentence Computation Unit and a number of its employees are responsible for violating his civil rights by placing him in a facility that has no protective housing unit, thus subjecting him to the risk of injury or death by violent gang members. *See* Dkt. No. 3.

Plaintiff has filed a motion seeking leave to proceed *in forma pauperis. See* Dkt. No. 4. The undersigned now concludes that Plaintiff should not be allowed to proceed

*in forma pauperis* because, while incarcerated, he has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Plaintiff has an extensive history of filing frivolous lawsuits in federal court, is subject to significant restrictions on filing cases in the District of Colorado and United States Court of Appeals for the Tenth Circuit, and has repeatedly been held barred by the three-strikes provision of 28 U.S.C. § 1915(g). *See Stine v. United States Fed. Bureau of Prisons*, 465 F. App'x 790, 791 (10th Cir. 2012); *see also Stine v. Wiley*, No. 06-cv-2105-WYD-KLM, 2010 WL 3516634, at *1 (D. Colo. Aug. 10, 2010), *rec. adopted*, 2010 WL 3516628 (D. Colo. Sept. 1, 2010) ("Given that Plaintiff has accumulated three strikes against him, and is also enjoined from filing new lawsuits, the Court is aware that the opportunities for Plaintiff to file a new case are severely limited"); *Stine v. Lappin,* No. 07-cv-1839, 2009 WL 2848849 (D. Colo. Sept. 1, 2009).

Plaintiff's allegations contain reference to the danger posed by gang members incarcerated with him at the Administrative Maximum United States Penitentiary in Florence, Colorado. *See* Dkt. No. 3 at 6. However, none of the claims that he is under imminent danger of serious physical injury is directly attributable to the conduct of the Defendants in this matter or can be immediately redressed by this lawsuit. The Defendants in the Northern District of Texas are employees of the Bureau of Prisons central administrative office responsible for inmate placement. Unlike, for example, at least certain personnel at USP Florence, the Defendants do not have direct control over Plaintiff's safety at the USP Florence unit. Plaintiff therefore has failed to show a sufficient nexus between the alleged danger and the asserted civil rights violation to overcome the three-strikes bar. *See Emmett v. Julye,* No. H-13-2693, 2013 WL 5537251,

at *2 (S.D. Tex. Oct. 4, 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)")). Accordingly, Plaintiff should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

### Recommendation

This action should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The dismissal should be with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as presented herein but without prejudice to the refiling of this lawsuit with full payment of the statutory filing fee.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 30, 2013

                                      _____
                                      DAVID L. HORAN
                                      UNITED STATES MAGISTRATE JUDGE